WILLKIE FARR & GALLAGHER LLP

MICHAEL S. SCHACHTER
212 728 8102
mschachter@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 16, 2018

**BY ECF AND EMAIL**

The Honorable Lewis A. Kaplan
United States District Court for the
Southern District of New York
Room 1940
500 Pearl Street
New York, NY 10007

Re: *United States v. James Gatto, et al. (Case No. S2 17-CR-686), Defendants' Renewed Request for a Contemplated Harm Instruction That Is In Accord with* United States v. Gabriel, *125 F.3d 89 (2d Cir. 1997).*

Dear Judge Kaplan:

We write on behalf of Defendants James Gatto, Merl Code, and Christian Dawkins to supplement our August 23, 2018 submission of Proposed Jury Instructions, *see* Dkt. No. 178 ("Defs' Prop. Instructions"), and to reiterate our request for an instruction on contemplated harm that is in accord with the Second Circuit's decision in *United States v. Gabriel*, 125 F.3d 89 (2d Cir. 1997), (*overruled in part on other grounds by Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005)). Defendants believe a contemplated harm instruction that is in accord with *Gabriel* is important and necessary given the evidence that has been presented in this case.

Specific intent to defraud is an element of wire fraud. In its Proposed Jury Instructions, the Government states that in order to prove this element, it is "sufficient for the Government to establish that the [D]efendant[s] participated in the scheme *understanding* that the harm to the victim would be the necessary result of that scheme." (Dkt. 184, at 8 (emphasis added).) Likewise, in its

Opening Statement, the Government stated that the evidence would show that Defendants "knew" their payments to the families of college athletes, if discovered, could lead to "big trouble" for the Universities, who could be "subject to very significant potential harms, including financial penalties" by the NCAA. (Trial Tr. 49:23-50:1, 58:16-19.) Neither Mr. Bowen and Mr. Gassnola, both of whom are alleged co-conspirators, testified that they participated in the alleged scheme with the intent of inflicting harm upon the Universities, although Mr. Gassnola acknowledged that he knew NCAA fines were a possibility if the NCAA found out that Billy Preston's family had accepted payments in violation of the NCAA's rules. (Tr. 532:3-8, 566:10-11, 596: 1-12 (Bowen); Tr. 990:15-991:2; 1002:15—1003:2, 1010:11-14; 1013: 8-10; 1017:19-25; 1024:3-22 (Gassnola).) Based on these facts, Defendants are concerned that the Government may be intending to argue to the jury that Defendants *understood* that payments to the families of college athletes could potentially lead to NCAA penalties for the athletes' respective Universities and that Defendants' understanding that those penalties could be imposed is sufficient to prove that Defendants "contemplated harm" under the wire fraud statute.

Second Circuit precedent makes clear that more is required. In *United States v. Starr*, the Second Circuit held that the Government, in order to establish an intent to defraud, "must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent." 816 F.2d 94, 98 (2d Cir. 1987). Ten years later, in 1997, the Second Circuit decided *United States v. Gabriel* and defined the element of "contemplated harm" more precisely than it had in *Starr*. In *Gabriel*, the Circuit clarified that contemplated harm is not satisfied simply because the defendant "recognized" that harm was reasonably likely, or even necessarily going to occur as a result of the defendant's alleged misrepresentation. 125 F.3d at 97. Instead, to satisfy this element, the Government must demonstrate

that the defendant's *purpose* for participating in the fraudulent scheme was to inflict injury upon the victim. *Id.*

In *Gabriel*, the defendants appealed their wire fraud convictions on the basis that the district court judge had instructed the jury that it could find that they had acted with an "intent to defraud" as long as the defendants participated in the fraudulent scheme with "*some realization* of its fraudulent or deceptive character and with *recognition* of its capacity to cause harm to the victims of such deception." *Id.* at 96-97 (emphasis in original). The defendants argued that because the district court's instructions required the jury to find only that they "recognize[d]" that the "scheme had the capacity to cause harm," the "instructions did not require the jury to find that the [defendants] intended harm." *Id.* The Second Circuit agreed. *Id.*

The Second Circuit explained that in every wire fraud case, the Government must demonstrate that the defendants "contemplated some actual harm or injury to their victims." *Id.* (citing *Starr*, 816 F.2d at 98). The Circuit explained that the verb "contemplate" is confusing because it "is subject to at least two possible meanings—it could mean 'to think about' or it could mean 'to have in view as a purpose…to intend.'" *Id.* The Second Circuit then went on to confirm that when it has used the word "contemplate" in its precedents, it has "clearly meant the latter definition (to intend) rather than the former (to think about)." *Id.* The Circuit cited with approval the use of the word "purpose" in describing what contemplated harm means, as reflected in the jury instructions given in *United States v. Dinome*. *Id. (*citing *Dinome*, 86 F.3d 277, 284 (2d Cir. 1996) (approving, in right to control case, instruction that "intent to defraud means to act knowingly and with the specific intent to deceive for the purpose of causing some financial or property loss to another"); *see also United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) (approving instruction that "intent to defraud means to

act knowingly and with the specific intent to deceive for the purpose of causing some financial or property loss to another.").

Because the Second Circuit has specifically held that the fact that a defendant "th[ought] about," "realize[d]," or "recognized" that injury could result from the alleged scheme is *not* enough to satisfy wire fraud's contemplated harm element, Defendants believe it would be inappropriate for the Government to argue to the jury that it is sufficient for intent purposes that Defendants "understood" that their payments to the families could potentially lead to NCAA penalties for the Universities. *Gabriel*, 125 F.3d at 97; *see also United States v. Regan*, 713 F. Supp. 629, 637 (S.D.N.Y. 1989) ("however deceitful a scheme may be, it does not violate the mail or wire fraud statutes unless some actual harm or injury to its victims is contemplated or intended…the [Government must prove that] "the persons charged intended to deprive their victims of money or property, not just that such a deprivation could be theoretically characterized as a necessary consequence of their scheme.").

While Defendants do not dispute that the Government is permitted to point to evidence in the record and argue based on that evidence that Defendants "understood" that NCAA penalties were a potential consequence of the payments to the families, Defendants request an instruction that makes clear that Defendants' understanding that NCAA penalties could be imposed upon the Universities is *not* enough to satisfy the Government's burden of proving fraudulent intent. *Id.* For these reasons, Defendants reiterate the request made in their Proposed Jury Instructions and ask the Court to instruct the jury that:

> The government cannot satisfy its burden on this element [intent to defraud] by merely demonstrating that the defendant you are considering participated in the scheme with some knowledge or recognition of its capacity to cause harm or deprivation to the Universities. Instead, the government must prove that the defendant acted with the specific purpose

> of causing some financial harm or property loss to the Universities. The money or property deprivation must be a goal of the plot, not just an inadvertent consequence of it.

(Dkt. 178, at 14 (citing *Gabriel*, 125 F.3d at 97; *Starr*, 816 F.2d at 98, *Regan*, 713 F. Supp. at 637).

Respectfully submitted,

Michael S. Schachter

cc:
(by ECF)
Mark C. Moore
Andrew A. Mathias
Merl F. Code
(*Counsel for Defendant Merl Code*)

Steven A. Haney
(*Counsel for Defendant Christian Dawkins*)

Edward Diskant
Noah Solowiejczyk
Mark Eli
Aline Flodr
U.S. Department of Justice